## In the Matter of Ronald Dean GIFFORD, Respondent.

### No. 50S00–0806–DI–310.

Supreme Court of Indiana.

Oct. 6, 2008.

### PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the report of the hearing officer, the Honorable Lori K. Morgan, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.[1]

**Facts:** The Commission filed a verified complaint in two counts, each alleging similar misconduct involving a corporate client. Respondent did not file an answer, appear, or otherwise defend against the charges. Pursuant to Admission and Dis-

---

1. The Court notes chat Respondent is Ronald Dean Gifford, Attorney No. 7129–50, who practices in Marshall County, not Ronald David Gilford, Attorney No. 10824–49, who practices in Marion County.

cipline Rule 23(14)(c), the hearing officer found the following allegations to be true:

Respondent represented two corporate clients, "Fairfield" and "Mentone," in trying to obtain HUD mortgage grants for low income housing. Each client was required to present HUD with a form from the IRS confirming its tax-exempt status. Respondent failed to seek such a form for either client and falsely told HUD employees that he had. The parties to the Fairfield transaction postponed closing for nearly a year waiting for the form. For each client, Respondent forged an IRS confirmation and used it at closing. Because of Respondent's actions, each client and HUD incurred unnecessary expense.

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

4.1(a): Knowingly making a false statement of material fact to a third person.

8.4(b): Committing a criminal act (counterfeiting and forgery) that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of at least nine months, beginning November 14, 2008.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of that period. Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to give notice of this order to the hearing officer, to the parties or their respective attorneys, to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d), and to Thomson/West for publication in the bound volumes of this Court's decisions.

All Justices concur.